ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JAINEFFE QUETTELL CARRIÓN<br><br>Parte Recurrida<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR SÍ Y EN REPRESENTACIÓN DEL DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS DE PUERTO RICO, **MAPFRE-PRAICO INSURANCE COMPANY**, FULANO DE TAL, SUTANO DEL CUAL, COMPAÑIAS ASEGURADORAS A, B, C<br><br>Parte Peticionaria | KLCE202500088 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: SJ2024CV07879<br><br>Sala: 409<br><br>Sobre: Caída |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Compareció ante este Tribunal la parte peticionaria, MAPFRE Praico Insurance Company (en adelante, "MAPFRE" o "Peticionaria"), mediante petición de *certiorari* presentada el 31 de enero de 2025. Nos solicitó la revocación de la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "TPI"), el 13 de noviembre de 2024, notificada y archivada en autos al día siguiente. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" interpuesta por MAPFRE el 26 de noviembre de 2024 que fue denegada mediante *Resolución Interlocutoria* notificada el 2 de enero de 2025.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

Número Identificador:
RES2025_____

**I.**

El caso ante nuestra consideración inició el 27 de agosto de 2024, con la presentación de una "**Demanda**" por daños y perjuicios por parte de la Sra. Jaineffe Quetell Carrión (en adelante, "señora Quetell Carrión" o "Recurrida") en contra de la Peticionaria, el Gobierno de Puerto Rico por sí y en representación del Departamento de Transportación y Obras Públicas (en adelante, "DTOP"), el Municipio de Carolina (en adelante, "Municipio") y otros codemandados de nombres desconocidos. Sostuvo la Recurrida que el 10 de octubre de 2023 sufrió una caída, mientras caminaba por la acera de la Avenida Boca de Cangrejos frente al complejo de vivienda Mar de Isla Verde en el Municipio de Carolina. Alegó que dicho accidente se debió única y exclusivamente a la negligencia de los dueños, empleados, representantes o administradores del Estado por sí y en representación del DTOP y/o el Municipio, asegurado MAPFRE, pues eran ellos los responsables de mantener las áreas en condiciones de seguridad para que los transeúntes no sufran daños como los que ella sufrió.

En específico, argumentó que la condición peligrosa que existía al momento de los hechos fue una placa de metal que le sobresalían unos tornillos por donde caminan innumerables personas, ocasionando así el accidente que dio origen a la "**Demanda**" y el que era completamente previsible. Como consecuencia de dicho accidente, la señora Quettell Carrión expresó que sufrió múltiples traumas y/o abrasiones en diferentes partes del cuerpo tales como la espalda y rodilla derecha y recibió tratamiento para dichos padecimientos. Así pues, solicitó una compensación por sufrimientos físicos ascendentes a una suma no menor de cincuenta mil dólares ($50,000.00), una suma de quince mil dólares ($15,000.00) por concepto de angustias mentales y tres mil dólares ($3,000.00) por los gastos incurridos en tratamiento médico.

El 12 de noviembre de 2024, compareció MAPFRE, como aseguradora del Municipio, mediante "**Solicitud de Desestimación y/o Sentencia Sumaria Parcial**". Arguyó que el ayuntamiento emitió una "**Certificación de Jurisdicción**" en la que estableció que la Avenida Boca de Cangrejos, también conocida como la PR-187, no era de su propiedad toda vez que dicho lugar es y/o formaba parte de una carretera estatal. Expresó que, conforme a lo resuelto por el Tribunal

Supremo en <u>González Meléndez v. Municipio Autónomo de San Juan y otros</u>, *infra*, la señora Quettell Carrión estaba impedida de continuar su causa de acción, pues están expresamente prohibidas las reclamaciones de daños y perjuicios en contra de los municipios cuando se trata de accidentes que ocurren en carreteras o aceras estatales. En vista de lo anterior, solicitó que se desestimara, con perjuicio, la "**Demanda**" en contra de MAPFRE, como aseguradora del Municipio.

Al día siguiente, la Recurrida presentó una "**Oposición a Solicitud de Desestimación y/o Sentencia Sumaria**" mediante la cual sostuvo que no le asistía la razón a MAPFRE a esta etapa de los procedimientos, puesto que el Estado no había comparecido a presentar sus defensas o alegaciones. Particularmente, expresó que no había expuesto su postura en torno al control, jurisdicción y mantenimiento de la acera de la carretera en donde la señora Quettell Carrión sufrió la caída. Asimismo, argumentó que no había realizado descubrimiento de prueba encaminado a identificar si existía algún plan de trabajo de mantenimiento por parte del Municipio, asegurado de la Peticionaria, en cuanto al lugar donde ocurrió el accidente o si fue el Municipio quien instaló la placa donde la Recurrida presuntamente se cayó y/o si fue el ayuntamiento que dejó los tornillos al descubierto y manteniendo la condición peligrosa que alegadamente provocó la caída. En vista de lo anterior, solicitó que se permitiera completar el descubrimiento de prueba entre las partes con el objetivo de estar en mejor posición de poder tener claro quién es la parte responsable de los daños presuntamente sufridos por la señora Quettell Carrión.

Analizados los planteamientos de ambas partes, el 13 de noviembre de 2024, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró "No Ha Lugar" la solicitud de desestimación interpuesta por MAPFRE. Concluyó el foro *a quo* que debía permitirse efectuar un descubrimiento de prueba limitado a establecer si la Peticionaria, como aseguradora del Municipio, debía permanecer en el pleito o no. Insatisfecha, el 26 de noviembre de 2024, MAPFRE presentó una "**Moción de Reconsideración**". Entretanto, y tras varias solicitudes de exposición más definida presentadas por el Estado, el 9 de diciembre de 2024 la señora Quettell Carrión presentó "**Demanda Enmendada**" con el objetivo de aclarar que la carretera en la que ubicaba la acera en donde ocurrió el accidente

era la PR-187 y no la PR-182. Así las cosas, el 27 de diciembre de 2024, el TPI emitió *Resolución Interlocutoria* mediante la cual declaró "No Ha Lugar" la solicitud de reconsideración presentada por la Peticionaria. Dicho dictamen fue notificado y archivado en autos el 2 de enero de 2025.

Aún inconforme, el 31 de enero de 2025, MAPFRE presentó el recurso de *certiorari* que nos ocupa y le imputó al foro de instancia la comisión de los siguientes errores:

> **Primer Error: Erró el TPI al no acoger la solicitud del peticionario como una sentencia sumaria y no consignar las determinaciones de hechos esenciales sobre los cuales no hay controversia y los hechos esenciales que están realmente y de buena fe controvertidos conforme lo requiere la Regla 36 y 42.2 de Procedimiento Civil.**

> **Segundo Error: Erró el TPI al no aplicar la inmunidad absoluta concedida en el 1.053(g) del Código Municipal de Puerto Rico y por ende al denegar la moción de sentencia sumaria de MAPFRE como aseguradora del MAC, ante el hecho incontrovertido de que el lugar donde ocurrió el alegado accidente ubica en una acera que forma parte de la carretera estatal PR-187, también conocida como la Avenida Boca de Cangrejeros de Isla Verde.**

El 3 de febrero de 2025, emitimos *Resolución* mediante la cual le concedimos a la señora Quettell Carrión un término para presentar su alegato en oposición. Dicho plazo a transcurrido sin que la Recurrida presentara prórroga o cumpliera con nuestra determinación.

En vista de lo anterior, procedemos a adjudicar los méritos del recurso sin el beneficio de su comparecencia.

**II.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR __ (2023); 2023 TSPR 145. Esta norma cobra mayor

relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**III.**

En esencia, la Peticionaria nos plantea que el TPI erró al no efectuar determinaciones de hechos esenciales y medulares incontrovertidos en la *Resolución Interlocutoria* recurrida, al amparo de las Reglas 36.4 y 42.2 de las de Procedimiento Civil, 32 LPRA Ap. V, RR. 36.4 y 42.2. Igualmente, sostiene que el

foro primario incidió al no desestimar la "**Demanda**" en su contra, toda vez que el lugar en donde ocurrió el accidente ubicaba en una acera de una carretera estatal.

Tras la evaluación exhaustiva del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el foro *a quo* no indició ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el TPI abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación. Sobre todo, cuando no existe controversia sobre el hecho de que aún no se ha efectuado un descubrimiento de prueba en el caso a través del cual se pueda determinar si, en efecto, la acera en donde ocurrió la caída de la señora Quettell Carrión estaba ubicada en una carretera cuyo mantenimiento y/o cuidado le correspondía al Estado o no. Nótese que el foro de instancia denegó la solicitud de desestimación por el momento hasta tanto no se efectúe un descubrimiento de prueba limitado a determinar la titularidad del lugar en donde ocurrieron los hechos narrados en la "**Demanda**" y establecer si MAPFRE debe permanecer en el pleito, por ser asegurador del Municipio.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la *Resolución* recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones